UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                               )<br>)<br>MONICA CANNON-GRANT,              )<br>        Defendant                             ) | CRIMINAL NO. 22-CR-10057-MLW |

**MOTION FOR SPEEDY TRIAL
AND REQUEST FOR HEARING TO ESTABLISH RELIABLE TRIAL DATE**

Now comes the Defendant, Monica Cannon-Grant, by and through undersigned counsel, pursuant to the Sixth Amendment and 18 U.S.C. §3161 *et seq.*, and hereby respectfully moves the Court for a speedy trial and the scheduling of a hearing before the District Judge to establish a reliable trial date, such that Ms. Cannon-Grant can challenge the accusations set forth in the indictment on the earliest practical date. As grounds and reasons therefore, Ms. Cannon-Grant sets forth the following:

1. On March 15, 2022, Ms. Cannon-Grant was arrested in the early morning hours at her home pursuant to a warrant issued after the return of the indictment in this case, despite the fact that she and Violence In Boston ("VIB"), through counsel, were actively producing documents to the government in response to a grand jury subpoena issued to VIB on November 2, 2021, pursuant to an agreement for a rolling production of materials. Indeed, just days before Ms. Cannon-Grant's arrest (on March 9 and March 11), counsel had provided updates to the government on the next anticipated production.

2. Ms. Cannon-Grant has concerns regarding the anticipated progress of this matter. For example, on October 19, 2021, in connection with the arrest of Ms. Cannon-Grant's husband, Clark Grant, pursuant to a criminal complaint charging him with wire fraud in

1

connection with pandemic-relief funds, federal authorities executed a search warrant at Ms. Cannon-Grant's residence. Amongst other electronics, federal agents seized Ms. Cannon-Grant's cellular telephone on that date. Despite the passing of almost seven (7) months since its seizure in October 2021, and despite repeated requests by the defense, the government has still not returned Ms. Cannon-Grant's cell phone, and apparently has not yet fully processed the phone. To wit:

a. On or about February 23, 2022, the defendant executed a stipulation with the government to secure the return of all electronics seized on October 19, 2021. While numerous electronic items were returned on that date, the government did not return Ms. Cannon-Grant's cellular telephone.

b. On February 24, 2022, the defense inquired regarding the failure to return Ms. Cannon-Grant's cell phone, despite the fact that it was on the list of items to be returned by the case agent.

c. On February 24, 2022, government counsel advised that he spoke with the agent, that Ms. Cannon-Grant's phone was "still being processed," and the government "should have a further update soon and will return it as soon as [the government] can."

d. On March 9, 2022, the defense again inquired regarding the return of the cell phone.

e. On March 23, 2022, the defense again inquired regarding the return of the cell phone, advising that it did not understand how or why it was taking so long to "process" the cell phone.

f. On March 28, 2022, the day before the scheduled arraignment hearing, the defense again inquired as to the cell phone. The defense expressed its position that the delay seemed unreasonable, but was open to hearing any counterpoint, and asked whether the government wanted to discuss the issue or instead have the defense file a motion. A call was scheduled prior to the arraignment hearing to discuss the issue, during which the government estimated that it would return the cell phone in approximately 2-3 weeks. As such, the defense did not file a motion or raise this issue at the arraignment.

g. On April 19, 2022, after providing the government with more than three weeks, Ms. Cannon-Grant again inquired as to her phone. Government counsel advised that the government was "still in the process of organizing the electronic evidence," which it "anticipate[d] producing on a rolling basis," and

2

      suggested communicating further on the issue at the conclusion of school vacation week and/or when co-government counsel's trial concluded.

    h. On April 26, 2022, Ms. Cannon-Grant again wrote to government counsel and asked for a reliable estimate for production of the cell phone.

    i. On April 26, 2022, government counsel advised that the government would "get an update (at a minimum) for [the defense] within the next couple of days…"

    j. On May 2, 2022, having not received the promised update, Ms. Cannon-Grant against asked for an update on the phone.

    k. On May 2, 2022, the government replied, advising that "the agents have obtained almost a complete image of Ms. Cannon-Grant's phone," but "the Signal app and its contents are more time-consuming to extract, and so they are still working to finish that aspect of the process (and are moving as quickly as they can to do so)." The government advised that they have asked the agents "to provide ongoing updates on progress," and assured they would continue to keep the defense updated as well.

    l. The defense has not received any additional updates as to the phone.

3. There are additional issues that provide concern to Ms. Cannon-Grant regarding the anticipated progress of this case.  First, on March 21, 2022, Ms. Cannon-Grant wrote government counsel to inquire what privilege protocol had been implemented as to emails and/or texts seized in or about August 2021 pursuant to search warrants issued in this case.  On or about March 29, 2022, the government agreed to a preliminary protocol process.  Ms. Cannon-Grant has not received any further communication on the protocol issue.  Second, at the arraignment hearing, the government asked that this matter be designated a complex proceeding under Rule 116.1(f).  The defense objected and requested any such decision be deferred until after the government's initial production.  The defense does not believe at this point that an alternative discovery procedure is warranted in this case.  Third, the government has advised that it intends on seeking a superseding indictment.

    4. Ms. Cannon-Grant has been immeasurably prejudiced and punished by the indictment alone and she seeks a trial on the earliest practical date to challenge the government's accusations. Initial discovery provided by the government supports her defense. For example, as to the mortgage fraud charges, the government alleges that Ms. Cannon-Grant "approached an associate ('Associate 3') to loan her $3000.00, which Cannon-Grant agreed to repay Associate 3," and that Ms. Cannon-Grant thus knew that a gift letter submitted to the bank in connection with the $3000.00 was false because Ms. Cannon-Grant had agreed to repay the $3000.00. *See* Indictment at ¶¶72-74. The government went so far as to include in the indictment an excerpt of Ms. Cannon-Grant's text communication with Associate 3. Indictment at ¶75. In its initial discovery production, however, the government produced the grand jury testimony of Associate 3, who repeatedly testified that the $3000.00 was in fact a gift to the defendant's family, and further testified regarding the unique challenges faced by the African-American community in purchasing homes:

> Q: So, is it fair to say, Mr. XXXX, that you intended to be repaid your $3000?
>
> A So, I didn't -- on this, I didn't care whether she could pay me or not. For me, it was a gift. Then, she said that she could actually pay me back the $3000 …
>
> I didn't expect her – I've given gifts before and I've never gotten money back. I didn't expect Monica to be able to pay me back. I didn't expect those dollars. I gave it as a gift. If you could pay me back at some point, great. But, there was not an expectation that I would receive those funds back . . .
>
> I've given – I've given gifts where people -- for housing, where people have asked for me to have a gift. And if they can ever pay it back, then that's great. But, it's not a loan. If I get it back, great. If I don't get it back, also great . . .
>
> I know what you're saying. But, I'm saying, unfortunately, in the African-American community, when you're going to buy homes, there is a lot of challenges around buying homes. And I got my home through a friend of mine that actually gave me a gift of $2000. A year and a half later, I was able to pay that particular money back and give him his money back. I felt like that's what I

4

>should do. Now that I have the ability to pay him his money back, is to give the money back. Not as a—not as he loaned it to me, let me give back with interest…

Grand Jury Transcript at pp. 33-35; *see also id*. at 44 (Witness: "I hear what you're saying, but I'm just – I'm just being clear. I'm just being honest. I did not take it as if she could actually pay me back. I'm like, if you need $3000, I'm not expecting you to pay me back. You can say it as much as you want."). Government counsel then spent many pages worth of the transcript pressing the witness to adopt the government's view of relevant events.[1]

5. Clearly, the government provided this grand jury testimony at this early juncture because of its obvious exculpatory nature. *See* Govt. Discovery Letter, dated April 26, 2022 (listing the grand jury testimony under the category of documents for Fed.R.Crim.P. 16(a)(1)(E)); Fed.R.Crim.P. 16(a)(1)(E) (compelling disclosure of items in the government possession that are either (1) material to preparing the defense, (2) to be admitted in the government's case-in-chief, or (3) obtained from or belonging to the defendant).

Wherefore, because Ms. Cannon-Grant desires a trial at the earliest practicable date, the defense respectfully requests a scheduling hearing before the District Judge so that appropriate dates can be scheduled at this point, including a reliable trial date.

### Local Rule 7.1(a)(2) Certification

The defendant has conferred with government counsel and the government assents to the defendant's request for a speedy trial and for a scheduling hearing before the District Court Judge.

---

[1] To the extent the government disagrees with the characterization of the testimony the defense will provide a copy of the transcript to the Court.

5

|  |  |
|---|---|
|  | Respectfully Submitted,<br>The Defendant,<br>Monica Cannon-Grant,<br>By Her Attorney, |
| Dated:   May 18, 2022 | **/s/ Robert M. Goldstein**<br>Robert M. Goldstein<br>20 Park Plaza, Suite 1000<br>Boston, MA 02116<br>(617) 742-9015<br>rmg@goldstein-lawfirm.com |

## Certificate of Service

I, Robert M. Goldstein, hereby certify that on this date, May 18, 2022, a copy of the foregoing document has been served via the Electronic Court Filing system on all registered participants, including Assistant U.S. Attorneys Adam W. Deitch and Dustin Chao.

**/s/ Robert M. Goldstein**
Robert M. Goldstein