UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MONICA CANNON-GRANT and<br>CLARK GRANT,<br><br>                    Defendants. | Case No. 22-CR-10057-MLW |

**JOINT INITIAL STATUS REPORT
AND REQUEST TO CANCEL INITIAL STATUS CONFERENCE**

Pursuant to Local Rule 116.5(a), the parties hereby file the following joint initial status report prepared in connection with the initial status conference scheduled for May 23, 2022. The parties further request that the initial status conference be canceled and that an interim status conference be calendared during the week of June 27, 2022.

(1)    Automatic Discovery/Pending Discovery Requests

The government provided its first substantial installments of a rolling production of automatic discovery on April 26, 2022 and May 12, 2022. In total, these productions included approximately 1,344 individual items with 14,833 Bates-stamped pages or files. The government will be making its next production, described below, in short order and additional productions on a rolling basis until automatic discovery is complete.

The parties have conferred with respect to prioritized discovery, and the government will be including grant/donor materials in its next two productions.

(2)    Additional Discovery

The government expects to make its third production of automatic discovery within the next week, which will include raw search warrant returns for four Google accounts – that is, approximately 247,326 electronic files totaling approximately 26.5 GB. The government is in the process of continuing to review and produce discovery, including substantial electronic discovery, in accordance with Local Rule 116.1(c). The defendants are in the process of reviewing the discovery produced to date.

The parties have conferred with respect to the production schedule for automatic discovery. The government expects three or four additional installments to be produced

on an approximately biweekly basis, with automatic discovery substantially complete in the next 60 days.

(3)  Timing of Additional Discovery Requests

With its April 26, 2022 production, the government requested reciprocal discovery from the defendants. The defendants are in the process of reviewing the government's discovery produced to date and are evaluating the need for any additional requests.

(4)  Additional Relevant Matter

The government has advised that it intends on seeking a superseding indictment. The defendants request an order setting a deadline for any such superseding indictment. The government opposes setting a date certain for any potential superseding indictment. The parties plan to address this matter at the first scheduled hearing before the District Court Judge.

(5)  Protective Orders

No protective orders have been sought by the parties to date, though the parties have conferred regarding a draft proposed order and expect to seek a protective order in the near future.

(6)  Pretrial Motions

One of the defendants, Ms. Cannon-Grant, filed a Motion for Speedy Trial and Request for Hearing to Establish Reliable Trial Date, Dkt. No. 27, on May 18, 2022. The defendants have not yet determined whether and what pretrial motions will be filed pursuant to Fed. R. Crim. P. 12(b).

(7)  Expert Discovery

The parties anticipate setting dates for expert witness disclosures at the first scheduled hearing before the District Court Judge.

(8)  Speedy Trial Act

All of the time from the defendants' indictment on March 14, 2022 has been excluded. The parties request that the time be excluded from May 23, 2022 through the date of the next status conference.

(9)  Next Status Conference

Given all of the foregoing information, including the ongoing production and review of discovery, the parties request that the initial status conference, scheduled for May 23,

2022, be adjourned.  The parties request that an interim status conference be scheduled during the week of June 27, 2022.

Respectfully submitted,

| | |
|---|---|
| MONICA CANNON-GRANT,<br><br>By her attorney,<br><br>*/s/ Robert M. Goldstein*<br>Robert M. Goldstein<br>20 Park Plaza, Suite 1000<br>Boston, MA 02116<br>fmg@goldstein-lawfirm.com<br>617-742-9015<br><br>CLARK GRANT,<br><br>By his attorney,<br><br>*/s/ Julie-Ann Olson*<br>Julie-Ann Olson<br>Federal Public Defender Office<br>51 Sleeper Street, 5th Floor<br>Boston, MA 02210<br>Julie-Ann_Olson@fd.org<br>617-223-8061 | UNITED STATES OF AMERICA,<br><br>By its attorney,<br><br>JOSHUA S. LEVY<br>Attorney for the United States,<br>Acting Under Authority Conferred by<br>28 U.S.C. § 515<br><br>*/s/ Adam W. Deitch*<br>Dustin Chao<br>Adam W. Deitch<br>Assistant United States Attorneys<br>John Joseph Moakley U.S. Courthouse<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210<br>dustin.chao@usdoj.gov<br>adam.deitch@usdoj.gov<br>617-748-3100 |

Dated:  May 20, 2022

## CERTIFICATE OF SERVICE

  Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

              */s/ Adam W. Deitch*
              Adam W. Deitch
              Assistant United States Attorney

Dated:  May 20, 2022