UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 22-10057-MLW |
| ) | |
| MONICA CANNON-GRANT and ) | |
| CLARK GRANT, ) | |
| ) | |
| Defendants ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT CANNON-GRANT'S MOTION FOR SPEEDY TRIAL

On May 18, 2022, defense counsel notified the government by email that it intended to file a speedy trial motion. During a phone call later that day, counsel stated that the defendant sought a speedy trial because of her interest in challenging the indictment's allegations at the earliest practical date. The government agreed and assented to the motion.

In its May 18, 2022 Motion for Speedy Trial (Dkt. No. 27, "Def. Mot."), however, the defense offered other grounds for a speedy trial, which it did not mention in the email or the telephone conversation. None of these grounds support a speedy trial in this matter. Although the government still agrees to a speedy trial, it addresses the "grounds and reasons" for speedy trial alleged by the defendant in her motion:

1. The defendant takes umbrage with being arrested despite VIB's production of documents to the grand jury. Def. Mot. at 1. This is not grounds for a speedy trial.

2. The defendant is concerned that her cell phone has not been returned to her. Def. Mot. at 2-3. This is not grounds for a speedy trial. To date, the government has returned no fewer than 18 electronic devices back to the defense. The government is also making a production of the electronic data contained on those devices, including her personal cell phone pursuant to discovery.

The substantial data – at least hundreds of gigabytes – on all of the electronic devices speaks to the need for additional time to prepare for trial, not less.

3. The defendant is concerned about the government's review protocol of alleged privilege-protected documents regarding emails in accounts over which the defendant has authority and control. Def. Mot. at 3. The government agreed to a preliminary protocol process and received from the defendant a list of legal representatives to assist that process. This is not a reason to reduce the period of time necessary to prepare for trial.

4. The defendant has objected to designating the matter as a complex case for discovery purposes. *See id.* The defendant is charged, among other things, with a multi-year scheme to defraud a non-profit (VIB) that received millions of dollars from hundreds of sources. As defendant was aware, and prior to her objection to designating the case as complex, VIB produced over a thousand pages of VIB records, which included ledgers, financial trial balances, and thousands of transactions over at least a three-year period. These transactions involved hundreds of parties, including VIB vendors, VIB donors, and hundreds of other unexplained transactions, which were labeled as "Ask My Accountant" in the spreadsheets provided to the government. The government has produced and anticipates producing to the defense thousands of pages of financial records, business records, and email and phone records stemming from its multi-year investigation. Though the government submits that the complexity of the case speaks for itself, that the defendant objects to designating this case complex is not grounds for a speedy trial.

5. The government advised that it intends to seek a superseding indictment. Def. Mot. at 3. The government's ongoing investigation has not impeded its ongoing production of voluminous discovery to the defendant. This is not grounds for a speedy trial.

6.  Defendant claims that she has been prejudiced and punished by the indictment alone. Def. Mot. at 4. The defendant does not elaborate why this factor – a claim that could be raised by any federally charged defendant – necessitates that she receive a trial on a more expedited basis than defendants already awaiting trial in the District prior to her.

7.  The defendant has cherry-picked grand jury testimony from the government's discovery production in support of a speedy trial. Def. Mot. at 4-5. Apart from putting statements in the public record that support her defense, but excluding several incriminating, inculpatory statements against her from the same record, there is no support for a speedy trial based on her selective publication of grand jury testimony. As alleged in the Indictment, within 10 days of the fraudulent gift letter, "Associate 3 emailed [the defendant] seeking repayment of the $3,000, asking [defendant]: 'When you can, let me know when you might transfer my funds.'" Indt. ¶ 75.

## Conclusion

The government assents to a speedy trial in this case because, as a general matter, the government supports the defendant's right to a speedy trial as required by the Sixth Amendment and applicable caselaw. To the extent that the defendants' and the government's time to prepare for trial is not compromised by the voluminous discovery in this matter, the government supports the expeditious commencement of trial. It does not agree that a speedy trial is mandated for the reasons stated in the defendant's motion.

Respectfully submitted,

JOSHUA S. LEVY
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515

By:  */s/ Dustin Chao*
     DUSTIN CHAO
     ADAM W. DEITCH
     Assistant U.S. Attorneys

Dated:  May 23, 2022

## Certificate of Service

I certify that, on May 23, 2022, this document was sent via registered mail to the registered participant as identified on the Notice of Electronic Filing (NEF).

          */s/ Dustin Chao*
          Dustin Chao