UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

MONICA CANNON-GRANT and CLARK GRANT,

Defendants

Case No. 22-CR-10057-MLW

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION FOR BILL OF PARTICULARS**

The United States of America, by and through the undersigned Assistant United States Attorneys, respectfully submits this opposition to the defendants' Motion for Bill of Particulars (the "Motion"). Dkt. No. 50. As set forth below, based on controlling and relevant precedent and given the length and level of detail of the indictment, expansive discovery, and additional disclosures by the government, the defendants' motion should be denied in its entirety.

**BACKGROUND**

On March 14, 2022, the defendants, Monica Cannon-Grant and Clark Grant, were charged in an eighteen-count indictment with two counts of wire fraud conspiracy, one count of conspiracy, thirteen counts of wire fraud, and one count of making false statements to a mortgage lending business.[1] Dkt. No. 11. As alleged in the indictment, the defendants engaged in at least three primary categories of fraud: (1) a scheme to use thousands of dollars in funds donated to the non-profit organization Violence in Boston, Inc. ("VIB") for their own personal

[1] Defendant Cannon-Grant was also charged with one count of mail fraud.

expenses (the "VIB Wire Fraud"); (2) a scheme to fraudulently apply for and obtain Pandemic Unemployment Assistance benefits despite earning salary and/or other compensation at the same time; and (3) a scheme to submit false information and fraudulent documentation to a Chicago-based mortgage lending company in order to obtain a home mortgage loan. In furtherance of the VIB Wire Fraud, the indictment alleges that the defendants used VIB as a vehicle to solicit and receive charitable donations, grants, and other funds and diverted thousands of dollars of these funds to themselves to pay for personal expenditures.

In their motion dated July 11, 2022, the defendants seek an order from this Court requiring the government to provide additional information in the form of a bill of particulars. More specifically, the defendants focus on the VIB Wire Fraud and purport to seek a bill of particulars that enumerates (1) specific VIB donors defrauded by the defendants, (2) false statements made by the defendants in furtherance of their scheme to defraud, and (3) directors and bookkeepers from whom the defendants concealed their surreptitious compensation. Particularly in light of the amount of information already provided, none of the defendants' arguments meets the standard to warrant a bill of particulars in this case.

**ARGUMENT**

Given controlling and relevant precedent, and in light of the detail provided in the indictment and via discovery, a bill of particulars is not appropriate in this case. To be sure, the defendants are entitled to information sufficient to understand the charges against them, to prepare a defense, and to protect against future prosecutions for the same offenses. The government has provided exactly this information (and much more) in the indictment, through already-extensive discovery, and via additional disclosures. The defendants are not entitled to what they now request, which amounts to nothing more than an attempt to obtain a preview of

the government's legal strategy and to cabin the evidence and arguments the government may use at trial.

**A. Legal Standard**

As a practical matter, "[m]otions for bills of particulars are seldom employed in modern federal practice." *United States v. Abbas*, No. 20-CR-10016-LTS, 2021 WL 84095, at *2 (D. Mass. Mar. 1, 2021) (Sorokin, D.J.) (quoting *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993)). The Court should "grant a motion for a bill of particulars 'only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause.'" *United States v. DiMasi*, No. 09-CR-10166-MLW, 2011 WL 468213, at *4 (D. Mass. Feb. 4, 2011) (Wolf, D.J.) (quoting *Sepulveda*, 15 F.3d at 1192). "When considering a defendant's request for a bill of particulars, a court may consider such factors as the complexity of the charges, the clarity of the indictment, and the discovery and other information available to the defendant. *United States v. Perry*, No. 12-CR-10293-DJC, 2013 WL 3158078, at *12 (D. Mass. June 19, 2013) (Dein, M.J.) (citations omitted).

The bottom-line question in evaluating a motion for a bill of particulars is "whether the indictment as a whole conveys sufficient information to properly identify the allegedly unlawful conduct." *United States v. Martinez*, No. 11-CR-10195-RWZ, 2012 WL 910280, at *1 (D. Mass. Mar. 15, 2012) (Dein, M.J.) (quoting *United States v. Hallock*, 941 F.2d 36, 40 (1st Cir. 1991)). Finally, a bill of particulars may not be employed as an end-run around discovery requests, and "its purpose is not to obtain disclosure of evidence, witnesses to be offered at trial, or the government's legal theories." *Perry*, 2013 WL 3158078, at *4 (citations omitted).

**B. The Indictment Is Sufficiently Particular.**

This case does not present the rare circumstance in which a bill of particulars is warranted. In 91 paragraphs across 38 pages, including 24 narrative paragraphs of allegations dedicated to the VIB Wire Fraud (incorporating several illustrative charts), the indictment spells out each element of the crimes charged, enlightens the defendants as to the nature of those charges, and equips them to plead double jeopardy against future prosecutions for the same offenses. *See Sepulveda*, 15 F.3d at 1392-93. Put simply, more is not required.

Focusing on the three areas about which the defendants request a bill of particulars, the indictment lays out a straightforward series of fraudulent schemes through which the defendants duped entities and individuals who contributed money to VIB and provides substantial detail throughout. Indeed, the indictment goes well beyond the minimum requirements of the law and provides far more detail than that to which the defendants are entitled. Consequently, none of the defendants' three requests provides adequate support for a bill of particulars.

First, the defendants suggest that they have been provided with insufficient information regarding the "*donors* allegedly defrauded by the defendants," as charged in Counts 1, 5-7, and 9-10. Def.'s Mot. at 1, 4, 7-9 (emphasis in original). The defendants single out three checks made out to VIB and processed through an entity called Network for Good.[2] Def.'s Mot. at 7-8. They also claim that the indictment itself should include the names of contributors who made

[2] As disclosed in the indictment, Network for Good is a "third-party payment processor that processed charitable donations made to VIB through Facebook." Indictment ¶ 13 at n.3. As with thousands of dollars of other contributions intended to further VIB's charitable mission, when the defendants cashed these checks (processed by Network for Good specifically *because* they were supposed to be charitable contributions) to pay for their own personal expenses, they were acting in furtherance of the VIB Wire Fraud. Indeed, any instance in which the defendants took a contribution intended for VIB and used the proceeds to fund their own personal expenses represents an act in furtherance of the fraud.

other monetary donations to VIB – specifically, donations made through PayPal from 2017 through 2020 and donors whose contributions were ultimately transferred to Robinhood and E*Trade investment accounts in Defendant Cannon-Grant's name. Def.'s Mot. at 8.

As a threshold matter, there is no requirement in a wire fraud or wire fraud conspiracy case for the government to identify all victims, or even specific victims, in the indictment. *United States v. Tum*, 707 F.3d 68, 75-76 (1st Cir. 2013) (stating that the government "need not prove the identity of a specific victim, unless the statute underlying the conspiracy charge so requires"); *United States v. Pena*, 910 F.3d 591, 598 (1st Cir. 2018) ("We have made clear, after all, that there is no requirement under § 1343 that a defendant know the actual identities of the victims of the fraudulent scheme []."); *see also United States v. Marr*, 760 F.3d 733, 743-44 (7th Cir. 2014) (holding that the government is not obligated to prove defendants intended to defraud a specific victim). As the First Circuit held in *United States v. Tum*, "[T]he core elements of wire fraud are a scheme to defraud involving an interstate communication by wire. Conspicuously missing from this list is any requirement that the schemers know the identity of the fraud victim." *Tum*, 707 F.3d at 75. Extrapolating its holding to mail fraud as well, the Court reasoned that "because the fraud victim's identity is not an essential element of wire fraud, neither is it an essential element of conspiracy to commit wire fraud." *Id*. at 76 (citing *United States v. Feola*, 420 U.S. 671, 686 (1975)). In other words, a wire fraud or wire fraud conspiracy indictment must lay out the elements of the crimes charged and provide insight as to the nature of those charges, but it need not list some or all victims (though, as discussed below, the indictment in this case *does* identify example victims of the defendants' fraud).

Courts in this District have adhered to this rule and looked to the totality of the information provided, in the indictment and otherwise, when evaluating motions for bills of

particulars. In *United States v. Facteau*, for example, a case involving wire fraud and wire fraud conspiracy charges, the defendants sought a bill of particulars on grounds that victims had been identified only vaguely or by category in the indictment. *United States v. Facteau*, No. 15-CR-10076-ADB, 2015 WL 7194683, at *2 (D. Mass. Nov. 16, 2015) (Cabell, M.J.). There, the Court pointed to the detailed speaking indictment (with a 114-paragraph narrative), as well as to the substantial discovery provided, in denying the defendants' motion. *Id*. In the end, Magistrate Judge Cabell was "not persuaded that the defendants will not be able to adequately understand the charges against them or prepare a defense in the absence of additional information from the government." *Id*.

Turning to the substance of the Motion, the defendants' argument here hinges on their attempt to differentiate institutional from individual donors, as they concede that the indictment adequately addresses the "particulars" with respect to the former. Def.'s Mot. at 4. To that end, however, the defendants' artificial division of "grants" versus "donations" is a red herring. As the indictment demonstrates, the defendants are not accused of conspiring to defraud just one or two, or even a handful, of specific donors; rather, they are accused of embarking on a years-long scheme to defraud anyone – entities and individuals – who (1) contributed money to VIB, and (2) were under the impression that their money would be used to further VIB's mission.[3] With

[3] In their Motion, the defendants suggest that some donors may have contributed as "some form of compensation or benefits to the defendants" as a "reward." Def.'s Mot. at 12. The defendants' belief that some donors acquiesced in having the defendants use their non-profit charitable donations as personal spending money may be useful in pursuing a nullification defense, but it does not entitle them to a bill of particulars. *United States v. Barnes*, 2020 WL 365494, at *3 (D.V.I. Jan. 22, 2020) ("'[S]imply put, a bill of particulars may not be used as a 'general investigative tool for the defense or as a device to compel pretrial disclosure of the government's evidence.'") (quoting *United States v. Lacerda*, 2013 WL 3177814, at *14 (D.N.J. June 19, 2013)).

respect to Count 1, which charges the defendants with the overarching conspiracy, and Counts 5-10, which charge individual wire communications as part of a scheme to defraud, the indictment provides examples of specific victims of the VIB Wire Fraud, specific acts by the defendants committed in furtherance of the fraud, and specific ways in which the defendants used VIB contributions – from institutional and individual donors alike – for their own personal expenditures.

Here, the indictment outlines schemes to defraud perpetrated by the defendants that began in 2017 and continued into at least 2021. While a selection of contributions to VIB are detailed in the indictment – *see, e.g.*, ¶¶ 9, 13, 16-17, 20-24 – the overwhelming majority are not, of course, specifically enumerated. As the defendants themselves acknowledge, there were, in fact, "thousands" of entities and individuals who donated money to VIB. Def.'s Mot. at 2, 8. In some examples, the indictment specifies which institutional or individual donor was defrauded by the defendants – for example, the Department Store Company (Indictment ¶¶ 9-13) and the Massachusetts District Attorney's Office (Indictment ¶¶ 14-19). In other examples, the indictment provides substantial detail about how the defendants spent their ill-gotten gains – for example, in 2018, on Amazon purchases, meals, gas, auto insurance, Uber charges, nail salon services, and personal cell phone bills. Indictment ¶ 21. While the indictment provides painstaking detail about the defendants' conspiracy and schemes to defraud in toto, it does not include specifics about every victim, every donation, every false statement, or every illegal expenditure. Of course, that is not what is required.

The case law to which the defendants point in which courts have ordered bills of particulars is inapposite. Most of the cases deal with completely different charged offenses, including a death penalty case involving murder, racketeering, and drug charges (*United States v.*

*Wilson*, 493 F. Supp. 2d 364 (E.D.N.Y. July 14, 2006)), witness tampering (*United States v. Soloveny*, 2005 WL 1279228 (W.D.N.Y. May 31, 2005)), murder, racketeering, and loan-sharking conspiracies (*United States v. Orena*, 32 F.3d 704 (2d Cir. 1994)), and loan sharking (*United States v. Tomasetta*, 429 F.2d 978 (1st Cir. 1970)), and the defendants do not explain why victim identities in such cases are similarly situated to those here. Indeed, none of the case law cited by the defendants supports the argument that, with respect to charges under 18 U.S.C. §§ 1343 and 1349, the lack of a comprehensive list of victims in the indictment warrants a bill of particulars. If anything, the stark factual differences between the defendants' cited support and the instant case distinguish precisely why such relief is inappropriate.

Especially in light of First Circuit precedent, there is no view of Rule 7 of the Federal Rules of Criminal Procedure under which the government in this case would be required to list every contributor to VIB in the indictment. Rather, for a fraud with the scope of the defendants' conduct, the government is obligated to elucidate the elements of the crime, enlighten the defendants as to the nature of the charges against which they must defend, and bar future prosecutions for the same offenses. *See Sepulveda*, 15 F.3d at 1192. Here, the indictment easily meets – and exceeds – these requirements.

It bears noting that the defendants' argument rests on the idea that, without further particulars about VIB donors, they are left "without any basis to meaningfully prepare" their defense. Def.'s Mot. at 8. Respectfully, this statement is unsupported by the factual record of this case. To begin with, nearly all of the government's information relating to victim identities was originally provided *by the defendants*. VIB's PayPal records, which include detailed information about individual donations and donors (including donor name, donation date, donation amount, and transaction number, as well as other financial transaction information)

were produced to the government *by VIB* at a time when Defendant Cannon-Grant was CEO, when the defendants together exercised exclusive access and control over the PayPal account, and when the organization was represented by Defendant Cannon-Grant's current counsel. Additional, detailed donor information obtained from VIB's former third-party bookkeeping service had originally been compiled *by Defendant Cannon-Grant*. While the government will of course continue to provide all relevant discovery relating to victims of the defendants' fraudulent schemes, any assertion that the defendants are in the dark with respect to donor information is misplaced.

Second, the defendants suggest that a bill of particulars is warranted because the "manner and means" section of the indictment – as it pertains to the VIB Conspiracy and Scheme to Defraud – includes (1) "falsely representing VIB as a non-profit that did not pay salaries or other compensation to its CEO (CANNON-GRANT) or its Director (CLARK GRANT)" and (2) "filing false reports with the [MA Attorney General's Office] that concealed the fact that CANNON-GRANT and CLARK GRANT were receiving income and other forms of compensation from VIB."[4] Indictment ¶ 8. The defendants put forth what amounts to a legal defense against this "manner and means" by which they are alleged to have furthered their conspiracy and scheme to defraud. More specifically, the defendants reference an IRS tax form (Form 990) filled out and signed under penalties of perjury by Defendant Cannon-Grant that contained the false representation that VIB paid zero dollars in salaries, compensation, or

[4] The defendants fail to acknowledge that this paragraph of the indictment does not purport to be an exhaustive list but, rather, is designed to put the defendants on notice of what, "*among* the manner and means," the defendants are alleged to have done in furtherance of their conspiracy and scheme to defraud.

benefits in 2017, 2018, and 2019, and they argue that because these forms were not filed until 2020, they cannot constitute acts in furtherance of the VIB Wire Fraud. Def.'s Mot. at 9-10.

The indictment is not required to be "a complete summary of all of the evidence which the government intends to use to sustain the averments of the indictment." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). And as with victim identities, "there is no general rule requiring detailed disclosures in fraud or false statement cases. *Facteau*, 2015 WL 7194683, at *3 (citing *United States v. Anderson*, 441 F. Supp. 2d 15 (D.D.C. 2006)). In *Facteau*, Magistrate Judge Cabell denied a bill of particulars where the indictment and discovery were sufficient "to give the defendants notice of the nature of the charges against them, to learn which statements or acts the government potentially may seek to use at trial, and to conduct their own investigation in furtherance of their defense." *Id*. (citing *United States v. Mandell*, 710 F. Supp. 2d 368, 385 (S.D.N.Y. 2010); *United States v. Sourlis*, 953 F. Supp. 568, 579 (D.N.J. 1996)). Here, the government respectfully points to the indictment and the discovery produced (both to date and upon completion) and the degree to which it will encompass what the defendant presently seeks. Evidence of additional alleged misrepresentations, to the extent that they constitute further manner and means of the defendants' conspiracy and scheme to defraud will be disclosed whenever it is required – or before – whether it be in automatic discovery, 21-day disclosures, Jencks Act material, or otherwise. In no event, however, is a bill of particulars appropriate merely because the defendants want to contest two examples listed as "manner and means" in a wire fraud and conspiracy section of an indictment.

The defendants' argument relies on the proposition that false statements and misrepresentations had to have been made *to* victims of their fraud or that they had to have been made *prior to* (or at the same time as) when they were using VIB donations to fund their

personal expenses. Not so. Under Section 1343, the defendants merely had to devise or intend to devise a scheme or artifice to defraud – there is no requirement that the scheme involve false statements made directly to the intended victim of the fraud. *See United States v. Porat*, 2022 WL 685686, at *21 (E.D. Pa. 2022) (citing *United States v. Greenberg*, 835 F.3d 295, 306 (2d Cir. 2016)). And, though there is plenty of direct evidence outlined in the indictment, it is well established that the defendant's fraudulent intent can be proven purely through circumstantial evidence. *See United States v. Nivica*, 887 F.2d 1110, 1113 (1st Cir. 1989) (stating the rule that in a fraud case, "[c]ircumstantial proof of criminal intent/guilty knowledge will suffice"); *United States v. Czubinski*, 106 F.3d 1069, 1075 (1st Cir. 1997) (acknowledging that circumstantial evidence can suffice to prove intent to defraud); *United States v. DiMasi*, 810 F. Supp. 2d 347, 353 (D. Mass. 2011) (collecting cases) (observing that "[c]ircumstantial evidence alone may be sufficient to prove the existence of a conspiratorial agreement" and that it can be "particularly important in determining a defendant's intent"). Regardless of when the Form 990s were filed with the Attorney General's Office, Defendant Cannon-Grant still made the false representation therein that neither she nor anyone was receiving compensation from VIB from 2017 through 2019. *See United States v. McKee*, 506 F.3d 225, 241 (3d Cir. 2007) ("a defendant's knowledge and intent may be inferred from conduct that furthered the purpose of the conspiracy"). At a minimum, her false representation provides corroboration for the defendants' years-long fraud.

Again, the case law on which the defendants purport to rely with respect to the specificity of false statements is easily distinguishable. For example, in *United States v. Bortnovsky*, 820 F.2d 572, 574-75 (2d Cir. 1987), the indictment did not identify key dates or documents that, alone, were at the center of the case, and the court found that the "relevance of key events was shrouded in mystery at the commencement of and throughout the trial." Here, given the level of

specificity of the indictment and expansive discovery relating to the defendants' fraudulent conduct, the key events are not in any way "shrouded in mystery." In *United States v. Trie*, 21 F. Supp. 2d 7 (1998), the defendant moved for a bill of particulars regarding specific false statements related to counts of the indictment which, in fact, charged the defendant with aiding and abetting the making of false statements. The defendants here are differently situated as, among other reasons, they are not at this time substantively charged with the making of false statements. As discussed above, the indictment need not list *every* act in furtherance committed by the defendants. *See United States v. Holzendorf*, 576 F. App'x 932, 935-36 (11th Cir. 2014) (denying motion where defendant "sought a bill of particulars detailing every single material misrepresentation the government intended to show at trial").

Third, the defendants briefly suggest that the "indictment fails to identify the directors, board members, auditors and/or bookkeepers who were intentionally deceived and/or from whom the defendants allegedly concealed material information." Def.'s Mot. at 11. Here, the defendants are referring again to another of the example "manner and means" by which the defendants perpetrated the VIB Wire Fraud: "Concealing from other VIB directors and VIB's financial bookkeepers/auditors the fact that CANNON-GRANT and CLARK GRANT were using VIB funds to pay personal expenditures through their control of the VIB Bank Account and VIB PayPal Accounts." Indictment ¶ 8.

While the indictment does not contain the names of other VIB directors, bookkeepers, or auditors, the government submits that (1) given that there were only two board members other than the defendants and that the defendants exercised exclusive control over VIB's bank and PayPal accounts, the defendants are well aware of who is referenced here; (2) the identity of any such third parties has been or soon will be disclosed in discovery; and (3) the government made a

voluntary disclosure prior to the filing of the Motion, discussed in more detail below, which specifically listed the names of potential board members and/or bookkeepers referenced in this part of the indictment.

As noted above with respect to donor information, the identity of VIB's directors, bookkeepers, or auditors has been derived from documents provided by or otherwise available to *the defendants*. The defendants themselves served on the VIB Board of Directors and chose the organization's other board members. In the Form 990s signed by Defendant Cannon-Grant, a bookkeeper is identified. In response to a government subpoena, VIB produced documents that had been prepared by bookkeepers. In discovery, the government has produced or is producing any and all materials in its possession identifying board members, bookkeepers, and auditors. In short, the government respectfully submits that the defendants' argument fails and, regardless, should otherwise be denied as moot.

**C. Extensive Discovery and Additional Disclosures Obviate the Need for a Bill of Particulars.**

Along with the abundant level of specificity in the indictment, the government has provided, and continues to provide, the defendants with additional information through its ongoing and substantial production of Rule 16 discovery, as well as through additional disclosures to the defendants. Among other things, the government's automatic discovery has included search warrants and supporting affidavits; subpoena returns detailing, among other things, deposits, withdrawals, and transfers made with respect to VIB's bank and PayPal accounts; names and contact information for institutional and individual donors to VIB who contributed via PayPal and other means; documents and communications identifying and otherwise relating to VIB board members and bookkeepers; and email header information and correspondence for multiple email accounts.

Courts in this district and elsewhere have routinely concluded that detailed discovery obviates the need for a bill of particulars. *See, e.g.*, *Sepulveda*, 15 F.3d at 1193 (denying bill of particulars where defendants benefited from expansive discovery); *United States v. Kazarian*, 2012 WL 1810214, at *25 (S.D.N.Y. May 18, 2012) (noting the "enormous amount of discovery material" which "provide [the defendant] with much of the information sought in the request for a bill of particulars"); *United States v. Monserratte*, 2011 WL 3480957, at *4 (S.D.N.Y. Aug. 4, 2011) (denying request for bill of particulars where discovery materials and indictment were "sufficient to apprise the defendant of the charge against him" and to allow him to prepare for trial); *United States v. Samsonov*, 2009 WL 176721, at *4 (S.D.N.Y. Jan. 23, 2009) (denying bill of particulars request where indictment, discovery letters, and discovery materials gave defendant adequate information to prepare for trial); *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983) ("Full discovery will obviate the need for a bill of particulars."); *United States v. Kemp*, 2004 WL 27557867, at *8 (E.D. Pa. Dec. 2, 2004) ("Courts are especially reluctant to direct the filing of a bill of particulars when the government has provided the defendant with extensive pre-trial discovery."). Indeed, where the information necessary for the preparation of the defense can be obtained through other means, such as discovery, a bill of particulars is unwarranted. *See United States v. Godfrey*, No. 11-CR-10279-RWZ, 2013 WL 141887, at *3 (D. Mass. Apr. 5, 2013) (Bowler, M.J.); *United States v. Chambers*, 2018 WL 1726239, at *2 (S.D.N.Y. Apr. 9, 2018) (denying motion for bill of particulars where the government "has already provided sufficient details of the charges" in the indictment, complaint affidavit, and Rule 16 discovery); *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (holding that a bill of particulars is not necessary "where the government has made sufficient disclosures concerning its evidence and witnesses by other means").

Since the defendants' arraignment, the government has made five productions of automatic discovery, consisting of over 249,000 individual items with 30,061 Bates-stamped pages or files and over 30 GB of total data. When production of automatic discovery is complete (just one or two additional installments are anticipated), the government will have disclosed all information in its possession pertaining to the identity of any entity or individual who contributed to VIB, to misrepresentations made by the defendants in furtherance of their alleged crimes, and the identities of former board members and bookkeepers to whom the defendants lied about their own compensation. Put differently, between the detailed allegations contained in the indictment and through completion of automatic discovery, the defendants will have in their possession all of the information the government has with respect to what they purportedly seek in their motion for a bill of particulars.

What is more, when the parties conferred in advance of the defendants' filing, in compliance with Local Rule 7.1(a)(2), the government voluntarily provided additional disclosures designed to highlight the evidence or information about which the defendants have questions. For example, with respect to the entities and individuals defrauded by the defendants, the government identified relevant paragraphs in the indictment; explained further that "victims of the defendants' fraud also include any institutional or individual donors to Violence in Boston whose funds (a) were intended to support the work of the non-profit, but (b) were instead used to fund the defendants' own personal expenses"; and indicated that the "indictment does not include an exhaustive list of defrauded victims, as [the government is] continuing to investigate and accumulate evidence relating to these charges and will continue to produce relevant evidence in discovery." The government also provided information with respect to the defendants' false

statements regarding VIB's finances and the identity of individuals to whom the defendants made misrepresentations regarding their compensation from VIB.

**CONCLUSION**

As set forth above, through the lengthy and detailed indictment, expansive discovery, and additional disclosures, the government has provided the defendants with even more information about the charges they face than is required at this point. For those and all of the foregoing reasons, the government respectfully requests that the defendants' motion be denied.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its attorney,

JOSHUA S. LEVY
Attorney for the United States,
Acting Under Authority Conferred by
28 U.S.C. § 515

*/s/ Adam W. Deitch*
Dustin Chao
Adam W. Deitch
Assistant United States Attorneys
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
dustin.chao@usdoj.gov
adam.deitch@usdoj.gov
617-748-3100

Dated: July 26, 2022

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Adam W. Deitch*
Adam W. Deitch
Assistant United States Attorney

Dated: July 26, 2022