UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MONICA CANNON-GRANT and<br>CLARK GRANT,<br><br>                    Defendants. | Case No. 22-CR-10057-MLW |

**JOINT INTERIM STATUS REPORT AND**
**REQUEST TO CANCEL STATUS CONFERENCE**

Pursuant to Local Rule 116.5(b), the parties hereby file the following joint interim status report prepared in connection with the interim status conference scheduled for August 24, 2022. The parties further request that the interim status conference be canceled and that a final status conference be calendared at the Court's convenience in approximately 60 days.

(1)   Automatic Discovery/Pending Discovery Requests

To date, the government has provided six installments of a rolling production of automatic discovery on April 26, 2022, May 12, 2022, May 19, 2022, June 9, 2022, July 13, 2022, and August 1, 2022. In total, these productions have included over 250,000 individual items with 34,456 Bates-stamped pages or files. The government will be making its next production within the next two weeks, and this installment is likely to mark the completion of automatic discovery.

(2)   Additional Discovery

The government expects to make its seventh and final installment in a rolling production of automatic discovery within the next two weeks. The government is in the process of continuing to review and produce discovery, including substantial electronic discovery, in accordance with Local Rule 116.1(c). The defendants are in the process of reviewing the discovery produced to date.

The parties have conferred with respect to the production schedule for automatic discovery. As noted above, the government expects to make one additional installment, which should complete its automatic discovery obligations. In light of the volume of discovery produced to date, the government will also be providing the defendants with a

list or index denoting "hot documents" by Bates number at or about the time of its final production of automatic discovery.

(3) <u>Timing of Additional Discovery Requests</u>

With its April 26, 2022 production, the government requested reciprocal discovery from the defendants; no such discovery has been produced at this time. The defendants are in the process of reviewing the government's discovery produced to date and are evaluating the need for any additional requests.

(4) <u>Protective Orders</u>

The government moved, with the defendants' assent, for a Protective Order on June 16, 2022. (Dkt. No. 39.) The Court granted the motion and entered the Order on June 23, 2022. (Dkt. No. 46.)

(5) <u>Pretrial Motions</u>

On June 10, 2022, a status conference was held before U.S. District Court Judge Mark L. Wolf. At that conference, the Court set a trial date of March 7, 2023, as well as a series of filing deadlines, including for any motion by the defendants for a bill of particulars (July 11, 2022) and pretrial motions pursuant to Fed. R. Crim. P. 12(b) (October 7, 2022). On July 11, the defendants filed a motion for a bill of particulars (Dkt. No. 50); on July 26, the government filed its response (Dkt. No. 51); and on August 2, the defendants filed their reply (Dkt. No. 52). It is the parties' understanding that the motion will be decided by Judge Wolf.

The defendants have not yet determined whether and what pretrial motions will be filed pursuant to Rule 12(b).

(6) <u>Expert Discovery</u>

The parties have been ordered to confer and propose pre-trial dates and deadlines for, among other things, expert discovery, by August 19, 2022.

(7) <u>Defenses of Insanity, Public Authority, or Alibi</u>

The defendants do not intend to raise the defenses of insanity, public authority, or alibi.

(8) <u>Speedy Trial Act</u>

All of the time from the defendants' indictment on March 14, 2022 has been excluded. The parties request that the time be excluded from August 24, 2022 through the date of the next status conference.

(9)   Status of Plea Discussions; Likelihood and Estimated Length of Trial

The parties have not engaged in plea discussions. If a trial is necessary, the parties estimate that a trial in this matter would take approximately two to three weeks.

(10)   Next Status Conference

Given all of the foregoing information, including the ongoing production and review of discovery, the parties request that the interim status conference, scheduled for August 24, 2022, be adjourned. The parties request a final status conference in approximately 60 days.

Respectfully submitted,

| | |
|---|---|
| MONICA CANNON-GRANT,<br><br>By her attorney,<br><br>*/s/ Robert M. Goldstein*<br>Robert M. Goldstein<br>20 Park Plaza, Suite 1000<br>Boston, MA 02116<br>fmg@goldstein-lawfirm.com<br>617-742-9015<br><br>CLARK GRANT,<br><br>By his attorney,<br><br>*/s/ Julie-Ann Olson*<br>Julie-Ann Olson<br>Joshua Hanye<br>Federal Public Defender Office<br>51 Sleeper Street, 5th Floor<br>Boston, MA 02210<br>Julie-Ann_Olson@fd.org<br>617-223-8061 | UNITED STATES OF AMERICA,<br><br>By its attorney,<br><br>JOSHUA S. LEVY<br>Attorney for the United States,<br>Acting Under Authority Conferred by<br>28 U.S.C. § 515<br><br>*/s/ Adam W. Deitch*<br>Dustin Chao<br>Adam W. Deitch<br>Assistant United States Attorneys<br>John Joseph Moakley U.S. Courthouse<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210<br>dustin.chao@usdoj.gov<br>adam.deitch@usdoj.gov<br>617-748-3100 |

Dated:  August 19, 2022

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

> */s/ Adam W. Deitch*
> Adam W. Deitch
> Assistant United States Attorney

Dated:  August 19, 2022