UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MONICA CANNON-GRANT and<br>CLARK GRANT,<br><br>               Defendants. | Case No. 22-CR-10057-MLW |

## STATUS REPORT OF THE PARTIES

Pursuant to Local Rule 116.5(c), the parties hereby file the following status report prepared in connection with the status conference scheduled for December 22, 2022. The parties conferred with respect to this report and, rather than submitting a joint report, submit one filing that includes each party's view of the case status. In short, the parties all agree to a request that this week's status conference be adjourned, that additional time be allowed for the defendants to continue their review of voluminous discovery, and that a further status conference be scheduled in approximately 90 days. The parties also request that the time be excluded from December 22, 2022 until the date of the next scheduled status conference.

### Government's Report

(1)   Request for Further Status Conference

Since September 9, 2022, when successor counsel was appointed to represent Defendant Cannon-Grant, counsel for the defendants have been in the process of reviewing the substantial amount of material produced by the government, as discussed in more detail below. The parties have been in regular communication about the materials as this review continues, and the government agrees that, as counsel for Defendant Cannon-Grant describes below, the defendants would benefit from additional time before the case is transferred to the District Judge. The government therefore joins the parties' request that a further status conference be scheduled in approximately 90 days.

(2)  Case Status

    (A)  To date, the government has provided seven installments of a rolling production of automatic discovery on April 26, 2022, May 12, 2022, May 19, 2022, June 9, 2022, July 13, 2022, August 1, 2022, and September 15, 2022. In sum, these productions have included over 618,000 individual items with 81,803 Bates-stamped pages or files, totaling over 2.2 TB (terabytes) of discovery. The government has provided the defendants with an index denoting "hot documents" by Bates number and have been working with counsel for the defendants to assist in identifying, accessing, and reviewing these materials. The government will continue to review material in its possession and comply with its obligations in accordance with Local Rule 116.1(c).

    (B)  With its April 26, 2022 production, the government requested reciprocal discovery from the defendants; no such discovery has been produced at this time. As mentioned above, the defendants are in the process of reviewing the government's discovery produced to date and evaluating the need for any additional requests.

    (C)  On June 10, 2022, a status conference was held before U.S. District Judge Mark L. Wolf. At that conference, the Court set a trial date of March 7, 2023, as well as a series of filing deadlines, including with respect to pretrial motions pursuant to Fed. R. Crim. P. 12(b). As noted above, successor counsel was appointed for Defendant Cannon-Grant on September 9, 2022. The defendants, with the government's assent, requested that pre-trial deadlines be canceled in order for counsel for the defendants to continue their review of the voluminous discovery and for new counsel to get up to speed on the case. Judge Wolf granted this request, canceled the relevant deadlines, and returned the case to the Magistrate Judge. (Dkt. No. 76.)

        For the same reasons, the defendants have not yet determined whether and what pretrial motions will be filed pursuant to Rule 12(b).

    (D)  All of the time from the defendants' indictment on March 14, 2022 has been excluded. The parties request that the time be excluded from December 22, 2022 through the date of the next status conference.

    (E)  The parties have not engaged in plea discussions. If a trial is necessary, the parties estimate that a trial in this matter would take approximately two to three weeks.

(3)  Other Matters – Scheduling

To be sure, the government agrees that discovery in this matter is voluminous; however, the government disagrees with the proposed timetable for the review of discovery set forth

below by Defendant Cannon-Grant. Indeed, the government believes that a more expeditious schedule is feasible for several reasons.

First, the government has continuously and assiduously been responsive to the defendants' requests regarding discovery. When successor counsel was appointed in September 2022, the government made a substantial production, the majority of which was readily accessible and, regardless, which the government assisted counsel in viewing. The government provided "hot documents" with a table of contents in October 2022. And the government has re-produced discovery in various formats, including through individual emails with responsive documents and Bates citations, whenever requested by the defense. In the meantime, the government plans to provide an even more detailed index of hot documents and continues to be responsive to requests from counsel.

Second, counsel for Defendant Cannon-Grant has had access to the bulk of discovery since at least September. In fact, the majority of discovery in this case was derived from email accounts or devices controlled *by the defendants*. To the government's knowledge, the defendants have access to these actual accounts and devices, which can easily be searched and reviewed, in addition to copies of the same materials produced by the government.

Third, the indictment in this case provides substantial detail about the defendants' alleged conduct and lays out a road map highly conducive to identifying relevant discovery. Even without an index of hot documents and continuing assistance, the government respectfully submits that the defendants should be well equipped to access and review the discovery produced to date.

Given all of the foregoing information, the government believes that the timeline proposed by Defendant Cannon-Grant – that is, at least six additional months for review of discovery – is neither warranted nor acceptable. The government therefore requests that a further status conference be scheduled in 90 days, at which time the defendants should be better positioned to update the Court on their review of discovery and when, the government submits, the case should be placed on a more stringent timeline for resolution, motion practice, and/or trial.

## Report from Defendant Cannon-Grant

Monica Cannon-Grant submits this report to provide the Court with a more detailed review of the challenges of discovery, the anticipated time necessary to review discovery and prepare for trial, and scheduling concerns.

The government notes that it has produced over 2.2 terabytes of material. Defense counsel can't even hazard a guess as to the number of pages, beyond ballparking that it's in the millions. The government states that it's produced over 618,000 items, and about 82,000 stamped pages. But if all the 618,000 items consist of pages, and many of them multiple pages, the total number

of pages, stamped and unstamped, must be in the millions. Regardless of the actual number, the amount of discovery is difficult to fathom.

The government notes that it has tried to lessen the burden by providing an index of "hot documents." But to grasp the amount of material at issue, these "hot docs" alone number many tens of thousands of pages. The government has agreed to further cull these materials for the benefit of defense counsel.

Defense counsel has encountered difficulties in accessing the materials. Various files require unique software to open. The government has been helpful in dealing with the problems as they arise. But there is an underlying problem with the discovery materials including files that do not open with standard software, identifying those materials, and then opening them. Just this week, the government produced an external hard drive containing a substantial amount of reformatted materials that the defendants had not been able to open. The problem is compounded by sheer volume.

Counsel cannot devote all his time to this case. Counsel has two pending murder cases that are likely to go to trial: *Commonwealth v. Velazquez*, Plymouth 1383cr00610, scheduled for June 12, 2023, and *Commonwealth v. Grandy*, Suffolk 2084cr00243, scheduled for October 6, 2023. Each is a mental illness case, likely to take a few weeks.

Counsel has been looking for a paralegal with experience in electronic discovery to work on this case. Counsel is a solo practitioner. The government has three attorneys and a paralegal staffing this case.

Counsel also has been considering seeking the assistance of a firm specializing in organizing electronic discovery. Counsel represented a defendant in the MS-13 case before Judge Saylor, involving 61 defendants. A discovery support firm was used in that case. Counsel believes that substantially more discovery has been produced in Ms. Cannon-Grant's case than in the entire MS-13 case. Moreover, in the MS-13 case, the vast majority of the discovery was not relevant to any single defendant; in this case, all of the discovery concerns the defendants.

In sum, proposing a date for a final status conference is impossible. It is inconceivable that counsel will be able to review discovery in less than six months. Given that counsel's schedule is filled with older cases that were delayed by COVID, including two murder trials, it likely will take longer. Only then would counsel be able to prepare evidentiary motions.

### Report from Defendant Grant

Defendant Grant joins in the request enumerated above by Defendant Cannon-Grant for additional time to review the voluminous discovery produced to date and specifically asks for a further status conference – that is, not a final status conference – in approximately 90 days. As grounds for that request, Defendant Grant submits that, in addition to reasons discussed above, staffing issues have likewise hindered counsel's ability to process and review the discovery, an issue that will be resolved in January. The additional time will allow counsel for Defendant Grant to access and review the discovery materials and will put the parties in a better position to evaluate next steps.

Respectfully submitted,

| | |
|---|---|
| MONICA CANNON-GRANT,<br><br>By her attorney,<br><br>*/s/ Keith Halpern*<br>Keith Halpern<br>572 Washington Street, Ste. 19<br>Wellesley, MA 02482<br>ksh@keithhalpern.com<br>617-722-9952<br><br>CLARK GRANT,<br><br>By his attorney,<br><br>*/s/ Julie-Ann Olson*<br>Julie-Ann Olson<br>Joshua Hanye<br>Federal Public Defender Office<br>51 Sleeper Street, 5th Floor<br>Boston, MA 02210<br>Julie-Ann_Olson@fd.org<br>617-223-8061 | UNITED STATES OF AMERICA,<br><br>By its attorney,<br><br>JOSHUA S. LEVY<br>Attorney for the United States,<br>Acting Under Authority Conferred by<br>28 U.S.C. § 515<br><br>*/s/ Dustin Chao*<br>Dustin Chao<br>Adam W. Deitch<br>Assistant United States Attorneys<br>John Joseph Moakley U.S. Courthouse<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210<br>dustin.chao@usdoj.gov<br>adam.deitch@usdoj.gov<br>617-748-3100 |

Dated:  December 20, 2022

## CERTIFICATE OF SERVICE

      Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

                                          */s/ Adam W. Deitch*
                                          Adam W. Deitch
                                          Assistant United States Attorney

Dated:  December 20, 2022