UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MONICA CANNON-GRANT and<br>CLARK GRANT,<br><br>                     Defendants. | Case No. 22-CR-10057-MLW |

## STATUS REPORT OF THE GOVERNMENT AND DEFENDANT CLARK GRANT

Pursuant to Local Rule 116.5(c), the United States and Defendant Clark Grant hereby file the following joint status report prepared in connection with the status conference scheduled for March 20, 2023.[1]

(1)     Request for Further Status Conference

On February 2, 2023, new counsel filed his appearance for Defendant Cannon-Grant and is presently in the process of reviewing the material produced to date by the government, as discussed in more detail below. Previously, the government had been in regular communication with Defendant Cannon-Grant's second attorney in the case in an effort to expedite his review of discovery and move the case along as expediently as possible. That discovery has been passed along to Attorney Malcolm.

On March 9, 2023, a grand jury returned a superseding indictment, charging nine new counts, including wire fraud conspiracy, wire fraud, filing false tax returns, and failure to file tax returns. An additional production of material, including material related to the superseding counts, will be forthcoming.

Based on the foregoing, the government and Defendant Grant submit that a further status conference in approximately 60 days would be beneficial to the parties.

---

[1] New counsel for Defendant Cannon-Grant has not responded to emails from the government and counsel for Defendant Grant regarding this status report, and so this filing is made on behalf of only the government and Defendant Grant.

(2)    <u>Case Status</u>

    (A)    To date, the government has provided seven installments of a rolling production of automatic discovery on April 26, 2022, May 12, 2022, May 19, 2022, June 9, 2022, July 13, 2022, August 1, 2022, and September 15, 2022.  The government has provided the defendants with an index denoting "hot documents" by Bates number and have been working with counsel for the defendants to assist in identifying, accessing, and reviewing these materials.  As noted above, the government expects to make an additional production of discovery and will continue to review material in its possession and comply with its obligations in accordance with Local Rule 116.1(c).

    (B)    With its April 26, 2022 production, the government requested reciprocal discovery from the defendants; no such discovery has been produced at this time.  As mentioned above, the defendants are in the process of reviewing the government's discovery produced to date and evaluating the need for any additional requests.

    (C)    On June 10, 2022, a status conference was held before U.S. District Judge Mark L. Wolf.  At that conference, the Court set a trial date – on the original indictment – of March 7, 2023, as well as a series of filing deadlines, including with respect to pretrial motions pursuant to Fed. R. Crim. P. 12(b).  In light of new counsel (Defendant Cannon-Grant's second counsel) entering his appearance in September, Judge Wolf granted an assented-to request canceling the relevant deadlines and returning the case to the Magistrate Judge.  (Dkt. No. 76.)

    (D)    On March 9, 2023, a grand jury returned a 27-count superseding indictment against the defendants, charging both defendants with three counts of wire fraud conspiracy, one count of conspiracy, seventeen counts of wire fraud, and one count of making false statements to a mortgage lending business; and charging Defendant Cannon-Grant also with mail fraud, filing false tax returns, and failure to file tax returns.

    (E)    All of the time from the defendants' indictment on March 14, 2022 has been excluded.

    (F)    The parties have not engaged in plea discussions.  If a trial is necessary, the parties estimate that a trial in this matter would take approximately three weeks.

(3)    <u>Other Matters</u>

Pursuant to the District Court's Order dated June 10, 2022 (Dkt. No. 38), the parties conferred and proposed pre-trial dates and deadlines for, among other things, expert discovery.  (Dkt. No. 56.)  The government proposed deadlines of 90 days and 60 days

prior to trial for its own and defendants' expert disclosures; the defendants proposed 120 days and 60 days, respectively.  The parties expect to revisit this and other issues when a new trial date is set.


Respectfully submitted,

| CLARK GRANT, | UNITED STATES OF AMERICA, |
|---|---|
| By his attorney, | By its attorney, |
| /s/ Julie-Ann Olson<br>Julie-Ann Olson<br>Joshua Hanye<br>Federal Public Defender Office<br>51 Sleeper Street, 5th Floor<br>Boston, MA 02210<br>Julie-Ann_Olson@fd.org<br>617-223-8061 | JOSHUA S. LEVY<br>Attorney for the United States,<br>Acting Under Authority Conferred by<br>28 U.S.C. § 515<br><br>/s/ Adam W. Deitch<br>Dustin Chao<br>Adam W. Deitch<br>Assistant United States Attorneys<br>John Joseph Moakley U.S. Courthouse<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210<br>dustin.chao@usdoj.gov<br>adam.deitch@usdoj.gov<br>617-748-3100 |


Dated:  March 17, 2023

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Adam W. Deitch
Adam W. Deitch
Assistant United States Attorney

Dated:  March 17, 2022