UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MONICA CANNON-GRANT,<br><br>Defendant. | Case No. 22-CR-10057-MLW |

**JOINT STATUS REPORT**

Pursuant to Local Rule 116.5(c), the United States and Defendant Monica Cannon-Grant hereby file the following joint status report prepared in connection with the status conference scheduled for June 20, 2023.

(1)   Further Status Conference

On February 2, 2023, new counsel filed his appearance for Defendant Cannon-Grant and has been in the process of reviewing the material produced to date by the government, as discussed in more detail below. Previously, the government had been in regular communication with Defendant Cannon-Grant's second attorney in the case in an effort to expedite his review of discovery and move the case along as expediently as possible. That discovery was passed along to Attorney Malcolm at approximately the time he filed his notice of appearance.

On March 9, 2023, a grand jury returned a superseding indictment, charging nine new counts, including wire fraud conspiracy, wire fraud, filing false tax returns, and failure to file tax returns. The government made an additional production of material, including material related to the superseding counts, on April 10, 2023.

Based on the foregoing and as discussed below, counsel for Defendant Cannon-Grant expects to request additional time to complete his ongoing review of discovery. The parties will be prepared to discuss these and any other pending issues during the conference scheduled for June 20, 2023.

(2)   Case Status

(A)   To date, the government has provided eight installments of a rolling production of automatic discovery on April 26, 2022, May 12, 2022, May 19, 2022, June 9, 2022, July 13, 2022, August 1, 2022, September 15, 2022, and April 10, 2023. The

government has also compiled and provided an index denoting "hot documents" by Bates number and have been working with defense counsel to assist in identifying, accessing, and reviewing these materials. The government expects to make one additional production of discovery related to superseding counts of the indictment in short order and will continue to comply with its obligations in accordance with Local Rule 116.1(c).

Counsel for Defendant Cannon-Grant submits that he has been reviewing the substantial amount of discovery produced to date and is approximately 75%-85% of the way through the material. Counsel for the defendant expects to request additional time to complete review of the discovery and confer with the defendant, particularly in light of his recent parental leave, upcoming travel, and commitments on other cases.

(B)   With its first production, the government requested reciprocal discovery; no such discovery has been produced at this time. As mentioned above, counsel for Defendant Cannon-Grant is in the process of reviewing the government's discovery produced to date and evaluating the need for any additional requests.

(C)   On June 10, 2022, a status conference was held before U.S. District Judge Mark L. Wolf. At that conference, the Court set a trial date – on the original indictment – of March 7, 2023, as well as a series of filing deadlines, including with respect to pretrial motions pursuant to Fed. R. Crim. P. 12(b). In light of new counsel (Defendant Cannon-Grant's previous/second attorney) entering his appearance in September, Judge Wolf granted an assented-to request canceling the relevant deadlines and returning the case to the Magistrate Judge. (Dkt. No. 76.)

(D)   On March 9, 2023, a grand jury returned a 27-count superseding indictment, charging both Defendant Cannon-Grant and her husband, Clark Grant, with three counts of wire fraud conspiracy, one count of conspiracy, seventeen counts of wire fraud, and one count of making false statements to a mortgage lending business; and charging Defendant Cannon-Grant also with mail fraud, filing false tax returns, and failure to file tax returns.

(E)   On April 7, 2023, the government filed a motion to dismiss the superseding indictment as it applies to Defendant Clark Grant due to Mr. Grant's death; that motion remains pending.

(F)   All of the time from the filing of the indictment on March 14, 2022 has been excluded.

(G) The parties have not engaged in plea discussions. If a trial is necessary, the parties estimate that a trial in this matter would take approximately three weeks.

(3) Other Matters

Pursuant to the District Court's Order dated June 10, 2022 (Dkt. No. 38), the parties conferred and proposed pre-trial dates and deadlines for, among other things, expert discovery. (Dkt. No. 56.) The government proposed deadlines of 90 days and 60 days prior to trial for its own and defense expert disclosures; defense counsel proposed 120 days and 60 days, respectively. The parties expect to revisit this and other issues when a new trial date is set.

Respectfully submitted,

| MONICA CANNON-GRANT, | UNITED STATES OF AMERICA, |
|---|---|
| By her attorney, | By its attorney, |
| /s/ Christopher L. Malcolm<br>Christopher L. Malcolm<br>Law Office of C. L. Malcolm<br>15 Court Square, Suite 1150<br>Boston, MA 02108<br>clmalcolm@gmail.com<br>617-645-0089 | JOSHUA S. LEVY<br>Acting United States Attorney<br><br>/s/ Adam W. Deitch<br>Dustin Chao<br>Adam W. Deitch<br>Assistant United States Attorneys<br>John Joseph Moakley U.S. Courthouse<br>One Courthouse Way, Suite 9200<br>Boston, MA 02210<br>dustin.chao@usdoj.gov<br>adam.deitch@usdoj.gov<br>617-748-3100 |

Dated: June 16, 2023

## CERTIFICATE OF SERVICE

   Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

               */s/ Adam W. Deitch*
               Adam W. Deitch
               Assistant United States Attorney

Dated:  June 16, 2023