UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MONICA CANNON-GRANT,<br><br>Defendant. | Case No. 1:22-cr-10057-AK |

**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE
IMPROPER CASE AGENT OVERVIEW TESTIMONY**

Defendant Monica Cannon-Grant hereby moves *in limine* to preclude the Government from introducing improper prosecution "overview testimony," which the First Circuit has long recognized as being among the most unfairly prejudicial evidence that can be introduced against a criminal defendant. Ms. Cannon-Grant is filing this motion *in limine* because there is a serious risk that the Government intends to put in the majority of its case through "overview witnesses," including members of the United States Postal Inspector and the Office of the Inspector General of the Commonwealth of Massachusetts.

**RELEVANT FACTS**

In 2017, Monica Cannon-Grant established a social justice foundation called Violence in Boston ("VIB") to raise money to reduce violence, raise social awareness, and support community causes, among other purposes. Through Ms. Cannon-Grant's relentless efforts and activism, contributions to VIB consistently grew from 2017 to 2021, with a spike in contributions in 2020 and 2021, during a peak in the Black Lives Matter movement. Ms. Cannon-Grant's husband, Clark Grant, was also deeply embedded within VIB's operations and efforts to assist the community.

1

The wide-ranging Indictment[1] alleges four separate conspiracies, including a conspiracy related to Pandemic Unemployment Assistance ("PUA"), as well as tax-related charges. Some of the charges relate to VIB, while others do not. Based on the pre-trial discovery materials, it appears that the investigation involved a variety of regulatory and enforcement agencies. The initial investigation involved the United States Postal Inspector and the Office of the Inspector General for the United States Department of Labor. Subsequently, the investigation expanded to include at least the Massachusetts Office of the Inspector General, the Office of the Inspector General for the United States Department of Veterans Affairs, and the Office of the Inspector General for the Social Security Administration Office.

Various counts in the Indictment tie back to what the Government alleges was the misuse of grants and donations provided to VIB between 2017 and 2021. The Indictment is rife with conjecture and argumentative characterizations of Ms. Cannon-Grant's behavior based on at least five years' worth of bank records for at least three different bank accounts. *See, e.g.*, Indictment at ¶ 8 (alleging the manner and means by which Ms. Cannon-Grant and her alleged co-conspirators carried out the VIB conspiracy by "making thousands of dollars in cash withdrawals . . . to enrich themselves").

## APPLICABLE LAW

"An 'overview witness' is a government agent who testifies as one of the prosecution's first witnesses and, as the term implies, provides an overview or roadmap of the prosecution's case to come." *United States v. Etienne*, 772 F.3d 907, 913 (1st Cir. 2014) (internal citations omitted). "[I]nitial witness 'overview testimony' is inherently problematic: such testimony raises the very real specter that the jury verdict could be influenced by statements of fact or credibility assessments

---

[1] All references herein to the Indictment refer to the Superseding Indictment. ECF No. 92.

in the overview but not in evidence." *United States v. Casas*, 356 F.3d 104, 119 (1st Cir. 2004). The First Circuit has repeatedly issued "condemnation of the use of overview witnesses." *United States v. Flores-de-Jesus*, 569 F.3d 8, 17 (1st Cir. 2009). Over the course of many cases in the past twenty years, the First Circuit has established several clear lines that prosecutorial "overview witnesses" may not cross.

First, the witness is not allowed to provide the jury with a sneak preview of documentary evidence and witness testimony that the prosecution hopes to elicit later in its case. The First Circuit addressed the prejudicial nature of "overview witnesses" at length in *Flores-de-Jesus*. In that case, the First Circuit held that there is simply "no justification for presenting an overview witness who simply anticipates the testimony of other government witnesses, even if he does so accurately." *Id.* at 19. The First Circuit has also held that it is "not acceptable" "when 'a government witness testifies about the results of a criminal investigation' . . . 'before the government has presented [any other] evidence." *Etienne*, 772 F.3d at 914 (quoting *United States v. Rosado-Perez*, 605 F.3d 48, 55 (1st Cir. 2010)). Rather, such testimony is "nothing more than an improper attempt to transmute the prosecutor's opening argument into substantive evidence." *Id.*

Second, the witness cannot testify to matters beyond his or her personal knowledge, such as the investigative activities of other law enforcement agents or government officers who are not on the witness stand. In *Flores-de-Jesus*, the First Circuit held that "[a]bsent a basis in personal knowledge, . . . [an] overview witness may not offer substantive testimony about the nature of the conspiracy or the involvement of [a] particular defendant[]." 569 F.3d at 19. The First Circuit addressed a similar problem in *United States v. Vazquez-Rivera*, 665 F.3d 351 (1st Cir. 2011), holding that a law enforcement agent's "overview testimony" "is all the more worrisome where .

3

. . [it] appears to at least partly rest on the collective insight of other unknown investigators who may not themselves be present at trial." *Id.* at 358–59.

Third, the witness cannot relay hearsay. The First Circuit has recognized that "overview testimony" is "almost certain to be rife with hearsay," which is a clear violation of the Rules of Evidence. *Flores-de-Jesus*, 569 F.3d at 20. Such inadmissible hearsay testimony cannot be a part of an "overview witness's" testimony. *See Casas*, 356 F.3d at 119.

Finally, the witness cannot offer argumentative characterizations of evidence that the jury is charged with assessing or shade into opinions about the defendant's culpability. Even where law enforcement "overview testimony" is based on personal knowledge and not relaying hearsay, it remains "especially problematic because juries may place greater weight on evidence perceived to have the imprimatur of the government." *Id*. at 120. Therefore, the First Circuit has refused to categorically endorse even "overview testimony" that is "limited to a description of [the witness's] activities in the course of an investigation" in all circumstances. *Etienne*, 772 F.3d at 914. Rather, even such limited testimony is permissible only in "some circumstances," *id.*, and the law enforcement witness may not "shade into a statement of the government's theory of the case or conclusory statements about the defendant's culpability." *United States v. Rodríguez-Adorno*, 695 F.3d 32, 38 (1st Cir. 2012).

The First Circuit has consistently held that "overview witness" testimony offering argumentative characterizations or offering opinions about the defendant's culpability is impermissible. For example, in *Rodríguez-Adorno*, the First Circuit held that the prosecution's initial case agent witness provided impermissible "overview testimony" when he characterized the defendant's alleged conduct as a "carjacking." *Id.* at 38–39. The First Circuit explained that when a law enforcement witness provides that type of argumentative characterization to an event that

the jury can assess for itself, it constitutes "inadmissible lay opinion testimony as to the ultimate issue of [the defendant's] culpability." *Id.* at 39. Similarly, in *Vazquez-Rivera*, the First Circuit held that the district court should have stricken the portions of the case agent's testimony that "expressed conclusions about [the defendant's] culpability." 665 F.3d at 360. In yet another case, *United States v. Meises*, 645 F.3d 5 (1st Cir. 2011), the First Circuit held that it was improper for the testifying case agent to provide testimony that "amounted to argumentative interpretation" of "the same circumstantial evidence that was before the jury—effectively usurping the jury's role as fact-finder." *Id.* at 16–17. *See also United States v. Laureano-Pérez*, 797 F.3d 45, 66 (1st Cir. 2015) (warning that, where the law enforcement "overview witness" "express[es] opinions as to [the defendant's] culpability based on the totality of information gathered in the course of [his] investigation," such testimony "effectively serves to usurp the  role of the jury because the witness's inference is based on the same circumstantial evidence presented to the jury.").

**ARGUMENT**

Ms. Cannon-Grant obviously cannot anticipate all of the "overview witnesses" that the Government may attempt to call or all of the ways in which the Government might seek to elicit prejudicial testimony from its various witnesses. After all, the Government's deadline to disclose its witness list has not even passed. For now, it is sufficient to say that because a variety of regulatory and enforcement agencies are involved in this case, there is a significant amount of circumstantial evidence at issue, and the Indictment contains many argumentative characterizations of Ms. Cannon-Grant's behavior, there is an especially high risk that the Government will seek to use "overview witnesses" as the primary means to prove Ms. Cannon-Grant's guilt.

Ms. Cannon-Grant respectfully requests that this Court issue an order that (1) no law enforcement or other witness will be allowed to "summarize" the Government's evidence or give an "overview" of the case; (2) any case agent witness shall be limited to his/her personal first-hand knowledge; (3) any case agent witness must not relay hearsay; and (4) any case agent witness must exclude any opinions regarding the evidence, including any argumentative interpretation of the evidence.

## CONCLUSION

For the reasons stated above, the Defendant's motion *in limine* should be granted.

Respectfully submitted,

/s/ *George W. Vien*
George W. Vien (BBO # 547411)
Emma Notis-McConarty (BBO # 696405)
DONNELLY, CONROY & GELHAAR, LLP
260 Franklin Street, Suite 1600
Boston, Massachusetts 02110
(617) 720-2880
gwv@dcglaw.com
enm@dcglaw.com

Dated: September 2, 2025

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for the Defendant has conferred with counsel for the government in good faith to resolve or narrow the issues presented in this motion, and that the disputed issues remain unresolved.

/s/ *George W. Vien*
George W. Vien

**CERTIFICATE OF SERVICE**

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing on September 2, 2025.

/s/ *George W. Vien*
George W. Vien