UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 22-10057-AK |
| | ) | |
| MONICA CANNON-GRANT, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S OPPOSITION TO DEFENSE MOTION
TO FILE SEALED REQUEST TO CONDUCT RULE 11 HEARING VIA ZOOM**

By and through the undersigned Assistant U.S. Attorneys, the government hereby opposes Defendant Monica Cannon-Grant's "Motion for Leave to File Under Seal Her Motion for Rule 11 Hearing to be Held Virtually" ("Defendant's Motion"), filed on September 18, 2025. Because there is a legal presumption of public access to judicial proceedings and records, and because there is a strong public interest in this case, the Defendant's Motion should be denied.

"Courts have long recognized 'that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system.'" *In re Providence Journal*, 293 F.3d 1, 9 (1st Cir. 2002) (internal citations omitted). As the First Circuit explained, there is a presumption of access to judicial proceedings and records embodied in both the First Amendment and the common law. *See United States v. Kravetz*, 706 F.3d 47, 52, 55 (1st Cir. 2013) (vacating, in part, the district court's denial of a motion to unseal, "The courts of appeals have recognized a right of access to various pre-trial proceedings and the documents filed in regard to them, including, for example, suppression, due process, entrapment, and **plea hearings**," *citing In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 176 (5th Cir. 2011) (emphasis added)). Pursuant to *Kravetz* and the many controlling authorities cited therein, it is clear that the public should have access to the Defendant's Motion in order to understand – in the event that the Court ultimately

permits the Defendant to plead guilty via video conference – why the Court decided to afford the Defendant treatment that is otherwise not customarily bestowed upon other criminal defendants.

The heightened public scrutiny in this case further compels the conclusion that Defendant's Motion should be public.  *See United States v. Sampson*, 297 F. Supp. 2d 342, 346 (D. Mass. 2003) (finding that "the public's interest in making informed decisions . . . is particularly strong," and that there was a "strong and legitimate public interest in this case," thus supporting a ruling in favor of media access to certain audio recordings that contained sensitive information).

While the presumptive right of access is not absolute, the Defendant has failed to meet her heavy burden of a compelling interest or special need outweighing that presumption. *See F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987); *see also Press-Enter. Co. v. Superior Court of California for Riverside Cnty.*, 478 U.S. 1, 9-10 (1986) ("[T]he presumption may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.  The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered") (internal citations omitted); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements.").

In *Kravetz*, the defendants sought to keep sealed documents that referenced mental health issues and other serious medical conditions.  *See Kravetz*, 706 F.3d at 57.  The First Circuit rejected the notion that those reasons could provide a justifiable basis for sealing.  In doing so, the Court reaffirmed the underlying principle "that relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of access applies."  *Id.* at 58 (*citing F.T.C. v. Standard Fin. Mgmt. Corp.*,

2

830 F.2d 404, 408-410 (1st Cir. 1987)).  And, thus, "'only the most compelling reasons can justify

non-disclosure of judicial records' that come within the scope of the common-law right of access."

*Id*. at 706 F.3d 59, *citing In re Providence Journal*, 293 F.3d at 10.  For these and all the foregoing

reasons, the Defendant's Motion should be denied.


                    Respectfully submitted,

                    Leah B. Foley
                    United States Attorney


By:    */s/ Dustin Chao*
                    DUSTIN CHAO
                    ADAM W. DEITCH
                    Assistant U.S. Attorneys

Dated:  September 18, 2025

## <u>CERTIFICATE OF SERVICE</u>

      Undersigned counsel certifies that this document filed via email will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.


                          */s/ Dustin Chao*
                          Dustin Chao
                          Assistant United States Attorney

Dated:  September 18, 2025