UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 22-10057-AK |
| | ) |
| MONICA CANNON-GRANT, | ) |
| Defendant. | ) |

**UNITED STATES' MOTION FOR ORDER OF FORFEITURE (MONEY JUDGMENT)**

The United States of America, by its attorney, Leah B. Foley, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) in the above-captioned case, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure. A proposed Order of Forfeiture (Money Judgment) is submitted herewith. In support thereof, the United States sets forth the following:

1. On March 9, 2023, a federal grand jury sitting in the District of Massachusetts returned a twenty-seven count Superseding Indictment, charging defendant Monica Cannon-Grant (the "Defendant") with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Counts One through Three); Mail Fraud; Aiding and Abetting, in violation of 18 U.S.C. §§ 1341 and 2 (Count Five); Wire Fraud; Aiding and Abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Counts Nine through Thirteen, Fifteen through Seventeen, Twenty-One and Twenty-Two); Filing a False Tax Return, in violation of 26 U.S.C. § 7206(1) (Counts Twenty-Four and Twenty-Five); and Failure to File Tax Return, in violation of 26 U.S.C. § 7203 (Counts Twenty-Six and Twenty-Seven).[1]

---

[1] Pursuant to the terms of the Defendant's plea agreement (Docket No. 209), the United States agreed to dismiss Counts Four, Six through Eight, Fourteen, Eighteen through Twenty, and Twenty-Three of the Superseding Indictment, upon the imposition of sentence.

2.       The Superseding Indictment included a Wire/Mail Fraud Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of the offenses set forth in Counts One through Three and Five through Twenty-Two of the Superseding Indictment, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

3.       The Wire/Mail Fraud Forfeiture Allegation of the Superseding Indictment also provided notice that, in the event that any property subject to forfeiture, as a result of any act or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of the property described in Paragraph 2 above.

4.       On September 22, 2025, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three, Five, Nine through Thirteen, Fifteen through Seventeen, Twenty-One, Twenty-Two, and Twenty-Four through Twenty-Seven of the Superseding Indictment, pursuant to a written plea agreement the Defendant signed on September 18, 2025.  *See* Docket No. 209.

5.       In the written plea agreement, the Defendant stated that she understood that the Court will, upon acceptance of the Defendant's guilty plea, enter an order of forfeiture as part of the Defendant's sentence, and that the order of forfeiture may include assets directly traceable to the Defendant's offenses, assets used to facilitate the Defendant's offenses, substitute assets,

and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

6. In the written plea agreement, the United States contended that the assets to be forfeited specifically included, without limitation, the following:

    a. $250,000 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment), on the grounds that it is equal to the amount constituting or derived from proceeds of the offenses. *Id*. at 5.

7. The written plea agreement also indicated that the Defendant reserved the right to dispute the $250,000 forfeiture money judgment amount, and to argue that the forfeiture should be determined to be a different amount. *Id*.

8. Based on the facts outlined by the government at the Rule 11 hearing, and the relevant conduct summarized in the Pre-Sentence Investigative Report ("PSR") dated January 15, 2026, the government requests that the Court should order a forfeiture money judgment in the amount of $227,063. This is comprised of approximately $181,037 in monies donated to the Defendant's non-profit corporation and diverted for the Defendant's personal use; $33,426 in fraudulently obtained PUA benefits; and $12,600 in fraudulently obtained rental assistance funds. *See* PSR ¶¶ 41-43; *see also* Rule 11 Hearing Transcript at pp. 21-25, 27, 28.

9. Further, in the written plea agreement, the Defendant agreed that to the extent the Court enters an Order of Forfeiture based on a finding that the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly) from the crimes to which the Defendant pled guilty, the Defendant will consent to the entry of an Order of Forfeiture (Money Judgment), for such property;

10. Based on the Defendant's admissions in the written plea agreement and her guilty plea on September 22, 2025, and the facts set forth above, the United States is entitled to an Order

of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the amount of $227,063, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States submits that $227,063 is equal to the amount of proceeds obtained by the Defendant from the offenses to which she pled guilty, in violation of 18 U.S.C. §§ 1349, 1341, and 1343.

11.  Pursuant to Rule 32.2(b)(4)(A), the Order of Forfeiture (Money Judgment) becomes final upon entry by this Court. As such, no preliminary order of forfeiture is required.

12.  The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace. *See*, *e.g.*, *United States v. Ponzo*, 853 F.3d 558, 589-90 (1st Cir. 2017) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense); *United States v. Zorrilla-Echevarria*, 671 F.3d 1, 5 (1st Cir. 2011) ("A criminal forfeiture may take the form of either (1) 'an in personam judgment against the defendant for the amount of money the defendant obtained as proceeds of the offense,' (2) forfeiture of specific assets related to criminal activity, or (3) forfeiture of 'substitute assets' if the specific assets are unavailable.") (citation omitted); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (same).

13.  Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment. *See Zorrilla-Echevarria*, 671 F.3d at 11 n. 15 (("[a] money judgment permits the government to collect on the forfeiture order … even if a defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order"); *United States v. Saccoccia,* 564

F.3d 502, 506-07 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

14.  Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States.  Such discovery may include the taking of depositions of witnesses.  *See* 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c); *see also United States v. Saccoccia,* 354 F.3d 9, 15 (1st Cir. 2003) ("the government may utilize its enforcement powers under [18 U.S.C. §] 1963(k) to 'trace' tainted funds"); *United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture).  In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure.  Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

WHEREFORE, the United States requests that this Court:

(a)  enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b)  retain jurisdiction in the case for the purpose of enforcing the forfeiture;

(c)  include the forfeiture, as set forth in the Order of Forfeiture (Money Judgment), in the oral pronouncement of the Defendant's sentence; and

(d)     incorporate the Order of Forfeiture (Money Judgment) in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

          Respectfully submitted,

          LEAH B. FOLEY
          United States Attorney,

By:     */s/ Carol E. Head*
          DUSTIN CHAO
          CAROL E. HEAD
          Assistant United States Attorneys
          United States Attorney's Office
          1 Courthouse Way, Suite 9200
          Boston, MA 02210
          (617) 748-3100

Dated:  January 22, 2026          carol.head@usdoj.gov