IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff<br><br>v.<br><br>MONICA CANNON-GRANT,<br>　　　　Defendant. | )<br>)<br>)　No.: 1:22-cr-10057-AK<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT MONICA CANNON-GRANT'S REPLY
IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR FORFEITURE**

　　Ms. Cannon-Grant agrees that forfeiture is appropriate here. She does not seek to avoid her forfeiture obligation. The only issue is the <u>amount</u> of forfeiture she should be ordered to pay. Forfeiture of the <u>amount</u> of money requested by the government is not mandatory. The Court has an important role to play in determining the amount of forfeiture that is appropriate. Fed. R. Crim. P. 32.2 ("If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.").

　　The appropriate amount of forfeiture here is no more than $118,060. The government's request for forfeiture of $227,063 should be reduced by $109,003 for two reasons. <u>First</u>, it should be reduced by $3,000, which is the amount of the Cambridge Black Lives Matter organization ("Cambridge BLM") donation to Ms. Cannon-Grant and Violence in Boston ("VIB"). Cambridge BLM informed the government that it was not in fact defrauded. Second Addendum to PSR at *45. Yet the government seeks to include the amount of that donation in the forfeiture amount. There is no basis on which to include that donation. <u>Second</u>, in light of Ms. Cannon-Grant's current financial position and the mandatory restitution of $125,670 ($106,003 + $19,667 to the

1

Internal Revenue Service), it is both unnecessary and unfair to require Ms. Cannon-Grant to double pay the $106,003 that is included in both the forfeiture and restitution requested by the government. Therefore, the $106,003 already included in Ms. Cannon-Grant's mandatory restitution should be excluded from the total forfeiture she is required to pay.

## BACKGROUND

The parties entered into a plea agreement on September 18, 2025. ECF No. 209 (the "Plea Agreement"). The Plea Agreement provides: "<u>The U.S. Attorney contends</u> that the assets to be forfeited specifically include, without limitation . . . $250.000 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment) . . . . Defendant <u>reserves the right to dispute this amount</u> and to argue that forfeiture should be determined to be a different amount." Plea Agreement at ¶ 6 (emphasis added).

On January 22, 2026, the government filed a Motion for Order of Forfeiture requesting forfeiture in the form of a Money Judgment. ECF No. 223. The government requested an order of forfeiture in the amount of $227,063. *Id.*

During Ms. Cannon-Grant's January 29, 2026 sentencing hearing, she disputed the amount of forfeiture requested by the government, as she reserved her right to do in the Plea Agreement.

## ARGUMENT

The government's motion seeking an order of forfeiture in the amount of $227,063 is unsupported and unreasonable. As set forth above, it includes a donation from an alleged victim who later informed the Court that it was not defrauded and fails to account for Ms. Cannon-Grant's financial circumstances.

## I. MS. CANNON-GRANT EXPRESSLY RESERVED HER RIGHT TO DISPUTE THE GOVERNMENT'S REQUESTED AMOUNT OF FORFEITURE IN THE PLEA AGREEMENT.

Ms. Cannon-Grant never agreed to accept the government's requested forfeiture amount. The government admits in its Motion for Order of Forfeiture that the Plea Agreement "indicated that the Defendant reserved the right to dispute the $250,000 forfeiture money judgment amount, and to argue that the forfeiture should be determined to be a different amount." Gov. Mot. for Order of Forfeiture, ECF No. 223 at ¶ 7 (citing Plea Agreement at *5 (¶ 6)).

Nothing in the Plea Agreement prevents Ms. Cannon-Grant from disputing the government's requested forfeiture amount. Rather, Ms. Cannon-Grant explicitly reserved her right to dispute the government's requested amount, and the government has repeatedly acknowledged that she did so, both by signing the Plea Agreement and in filing its Motion for Order of Forfeiture.

## II. THE CAMBRIDGE BLM DONATION SHOULD BE EXCLUDED FROM THE FORFEITURE AMOUNT.

The government's request for a $227,063 forfeiture order incorporates the $3,000 donation that Cambridge BLM provided to Ms. Cannon-Grant and VIB. *See Pretrial Sentencing Report dated Jan. 15, 2026* at ¶ 51 (calculating a loss total of $227,063, including the Cambridge BLM donation, prior to Probation's adjustments based on Cambridge BLM's response that it was not defrauded).

Subsequent to Ms. Cannon-Grant's Rule 11 Hearing, Probation contacted Cambridge BLM regarding this case. Cambridge BLM responded that it "does not consider itself to be a victim of fraud," citing various work that Cambridge BLM, Monica Cannon-Grant, and VIB did together on behalf of the Greater Boston community. PSR at *45. As a result, Probation correctly excluded the $3,000 Cambridge BLM donation from its loss calculation. *Id.* at ¶ 51.

The government's inclusion of the Cambridge BLM donation in its forfeiture calculation is unfounded. Cambridge BLM expressly denied that it was defrauded. 18 U.S.C. § 981, upon which the government relies, authorizes the forfeiture of property only if it is traceable to a specific offense. The donation provided by Cambridge BLM has no nexus to Ms. Cannon-Grant's fraud offenses and therefore cannot be included in the total forfeiture amount ordered.

**III.  THE GOVERNMENT'S EFFORT TO DOUBLE COUNT THE RESTITUTION AMOUNT IN THE FORFEITURE TOTAL IS UNJUST IN THIS CASE.**

The government argues that ordering forfeiture and restitution of the same funds is not double counting because the two mechanisms serve different goals: restitution makes victims whole and forfeiture "disgorges a defendant of her ill-gotten gains." Gov. Mem. at *1. But the government's argument fails to acknowledge several simple truths. First, both forfeiture and restitution come from the same limited source: Ms. Cannon-Grant's limited financial resources. *See United States v. Rubin*, 558 F. Supp. 2d 411, 420–21 (E.D.N.Y. 2008) *(*"Forfeiture and restitution, as a matter of fact, frequently compete for the same assets of a convicted defendant."). Second, because Ms. Cannon-Grant has been ordered to pay restitution to the victims, she will no longer have any ill-gotten gains (because they are due to be paid to the victim). Third, "[a] larger forfeiture order, even if arguably provable, would likely . . . practically undermine[] attempts by . . . victims to secure restitution." *Id.* at 421. The tension created between victims' rights and the government's pursuit of forfeiture has been well-documented, including in legal scholarship, which recognizes that awarding forfeiture can undermine victims' ability to recover restitution. *Id.*; Scott Jones, *Forfeiture and Restitution in the Federal Criminal System: The Conflict of Victims' Rights and Government Interests*, 6 Am. U. Crim. Law Brief 27 (2010), https://digitalcommons.wcl.american.edu/cgi/viewcontent.cgi?article=1045&context=clb. In light of Ms. Cannon-Grant's limited financial resources, as set forth in the PSR, (PSR ¶¶ 125–

4

128), any additional funds that Ms. Cannon-Grant is required to pay in forfeiture will make it more difficult for her to make the victims whole through restitution.

Furthermore, additional forfeiture is not necessary here to serve as a deterrent. The Court has already found that Ms. Cannon-Grant's sentence, even without determining a final forfeiture amount, is sufficient to serve the purposes of general and specific deterrence.

In this case, where Ms. Cannon-Grant has limited financial resources, fundamental principles of fairness and common sense dictate that the amount of forfeiture should be reduced by the restitution award, particularly because it still results in forfeiture of up to $118,060.

## CONCLUSION

For the reasons set forth herein, Ms. Cannon-Grant respectfully requests that the Court enter a forfeiture order in the amount of no more than $118,060.

Dated: February 17, 2026

Respectfully submitted,
MONICA CANNON-GRANT
By her attorneys,

*/s/ Emma Notis-McConarty*
George W. Vien, BBO #547411
Emma Notis-McConarty, BBO #696405
DONNELLY, CONROY & GELHAAR, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
gwv@dcglaw.com
enm@dcglaw.com
(617) 720-2880

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on February 17, 2026.

                                     */s/ Emma Notis-McConarty*
                                     Emma Notis-McConarty