**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) | |
| v. | ) ) | Civil Action No. 22-CR-10057-AK |
| MONICA CANNON-GRANT, Defendant. | ) ) ) ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**KELLEY, D.J.**

WHEREAS, on March 9, 2023, a federal grand jury sitting in the District of Massachusetts returned a twenty-seven count Superseding Indictment, charging defendant Monica Cannon-Grant (the "Defendant"), with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Counts One through Three); Mail Fraud; Aiding and Abetting, in violation of 18 U.S.C. §§ 1341 and 2 (Count Five); Wire Fraud; Aiding and Abetting, in violation of 18 U.S.C. §§ 1343 and 2 (Counts Nine through Thirteen, Fifteen through Seventeen, Twenty-One and Twenty-Two); Filing a False Tax Return, in violation of 26 U.S.C. § 7206(1) (Counts Twenty-Four and Twenty-Five); and Failure to File Tax Return, in violation of 26 U.S.C. § 7203 (Counts Twenty-Six and Twenty-Seven);[1]

WHEREAS, the Superseding Indictment included a Wire/Mail Fraud Forfeiture Allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States would seek forfeiture, upon conviction of the Defendant of the offenses set

---

[1] Pursuant to the terms of the Defendant's plea agreement (Docket No. 209), the United States agreed to dismiss Counts Four, Six through Eight, Fourteen, Eighteen through Twenty, and Twenty-Three of the Superseding Indictment, upon the imposition of sentence.

forth in Counts One through Three and Five through Twenty-Two of the Superseding

Indictment, of any property, real or personal, which constitutes or is derived from proceeds

traceable to the offenses;

WHEREAS, the Wire/Mail Fraud Forfeiture Allegation of the Superseding Indictment

also provided notice that, in the event that any property subject to forfeiture, as a result of any act

or omission of the Defendant, (a) cannot be located upon the exercise of due diligence, (b) has

been transferred or sold to, or deposited with, a third party, (c) has been placed beyond the

jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been

commingled with other property which cannot be divided without difficulty, it is the intention of

the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek

forfeiture of any other property of the Defendant, up to the value of the property described

above;

WHEREAS, on September 22, 2025, at a hearing pursuant to Rule 11 of the Federal

Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Three, Five, Nine

through Thirteen, Fifteen through Seventeen, Twenty-One, Twenty-Two, and Twenty-Four

through Twenty-Seven of the Superseding Indictment, pursuant to a written plea agreement the

Defendant signed on September 18, 2025;

WHEREAS, in the written plea agreement, the Defendant stated that she understood that

the Court will, upon acceptance of the Defendant's guilty plea, enter an order of forfeiture as part

of the Defendant's sentence, and that the order of forfeiture may include assets directly traceable

to the Defendant's offenses, assets used to facilitate the Defendant's offenses, substitute assets,

and/or a money judgment equal to the value of the property derived from, or otherwise involved

in, the offenses;

WHEREAS, in the written plea agreement, the United States contended that the assets to be forfeited specifically included, without limitation, the following:

a.    $250,000 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment), on the grounds that it is equal to the amount constituting or derived from proceeds of the offenses;

WHEREAS, the written plea agreement also indicated that the Defendant reserved the right to dispute the $250,000 forfeiture money judgment amount, and to argue that the forfeiture should be determined to be a different amount;

WHEREAS, based on the facts outlined by the government at the Rule 11 hearing, and the relevant conduct summarized in the Pre-Sentence Investigative Report ("PSR") dated January 15, 2026, the government requests that the Court should order a forfeiture money judgment in the amount of $227,063;

WHEREAS, this amount is comprised of approximately $181,037 in monies donated to the Defendant's non-profit corporation and diverted for the Defendant's personal use; $33,426 in fraudulently obtained PUA benefits; and $12,600 in fraudulently obtained rental assistance funds;

WHEREAS, further, in the written plea agreement, the Defendant agreed that to the extent the Court enters an Order of Forfeiture based on a finding that the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly) from the crimes to which the Defendant pled guilty, the Defendant will consent to the entry of an Order of Forfeiture (Money Judgment), for such property;

WHEREAS, based on the Defendant's admissions in the written plea agreement and her guilty plea on September 22, 2025, and the facts set forth above, the United States is entitled to an Order of Forfeiture (Money Judgment) consisting of a personal money judgment against the Defendant, in the amount of $224,063, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.

3

§ 2461(c), as the Court finds that $224,063 is equal to the amount of proceeds obtained by the Defendant from the offenses to which she pled guilty, in violation of 18 U.S.C. §§ 1349, 1341, and 1343; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.      The Defendant shall forfeit to the United States the sum of $224,063, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.      The United States may, at any time, move, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to include substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.      The United States may, at any time, conduct, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5.      Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

5

Dated: March 23, 2026                           /s/ Angel Kelley
                                                   Hon. Angel Kelley
                                                     United States District Judge